1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE THOMAS,<br><br>                                        Plaintiff,<br><br>       vs.<br><br><br>STATE OF CALIFORNIA, MARTIN STAVEN, AND RICHARD G. CLINE,<br><br>                                        Defendants. | CASE NO. 11cv729-LAB (NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**ORDER OF DISMISSAL** |

On April 8, 2011, Plaintiff Bruce Thomas, proceeding *pro se*, filed his complaint along with a motion to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. Based on the information provided by Thomas, pursuant to 28 U.S.C. § 1915(a), the Court **GRANTS** Plaintiff's IFP motion, solely for the purpose of the motions currently before the Court.

The Court is obligated to review a complaint filed IFP sua sponte and must dismiss the action if it determines that the complaint is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Thomas has attached pleadings and court documents showing he is involved in a civil action in California state court. Dissatisfied with that court's decision to impose a restraining

1   order on him, he has filed suit in this Court.  Thomas' theory is that the restraining order,

2   forbidding him from going near a woman who attends his house of worship, interferes with

3   his First Amendment rights.  He has therefore sued two state court judges for their handling

4   of his case, including for rulings they made in their judicial capacities.  He has also sued the

5   State of California.  He seeks an injunction forbidding the state court from restraining him,

6   as well as $1.5 million in damages, and "Disciplinary action imposed to the State of

7   California."  He invokes this Court's jurisdiction under 28 U.S.C. § 1343(a)(3), because his

8   claims arise under 42 U.S.C. § 1983.

9         The Anti-Injunction Act, 28 U.S.C. § 2283, forbids the Court from granting the

10   injunctive relief Thomas seeks.  With exceptions not applicable here, the State of California

11   enjoys Eleventh Amendment immunity against suits for damages in federal court.  *Will v.*

12   *Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).  And furthermore, the state of

13   California cannot be sued under § 1983.  *Id.* at 65–66 (1989) ("Section 1983 . . . does not

14   provide a federal forum for litigants who seek a remedy against a State for alleged

15   deprivations of civil liberties.")

16         Thomas also cannot maintain an action against either of the judges.  State court

17   judges are absolutely immune from liability for their judicial acts, including suits brought

18   under § 1983.  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely

19   immune from liability for his judicial acts even if his exercise of authority is flawed by the

20   commission of grave procedural errors."); *Pierson v. Ray*, 386 U.S. 547, 554–55 and n.9

21   (1967).

22         It is not fully clear what action Thomas is asking the Court to take by way of imposing

23   discipline on the two judges, but it is clear the Court cannot discipline the two judges directly,

24   and cannot require either the state of California or the California Bar to discipline them.  *See*

25   *Edmonds v. Clarkson*, 996 F. Supp. 541, 551 (E.D.Va., 1998) (noting that states, not federal

26   district courts, retain power to regulate conduct of the state judiciary).

27         After careful review, the Court finds it is clear that the deficiencies of the complaint

28   could not be cured by amendment.  *Franklin v. Murphy,* 245 F.2d 1221, 1228 n.9 (9th Cir.

1984).   The complaint is therefore **DISMISSED WITH PREJUDICE**.   The motion for

appointment of counsel is **DENIED AS MOOT**.

   **IT IS SO ORDERED**.

DATED:  April 14, 2011

*Larry A. Burns*
_____

**HONORABLE LARRY ALAN BURNS**
United States District Judge